UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**CEDRIC BABINEAUX**

**VERSUS**

**TRISURA SPECIALTY INSURANCE COMPANY, TEXCAZ TRANSBORDER INSURANCE INTERMEDIARIES, INC., RAPID LOGISTICS, LLC., RAPID LEASING TRUCKING, LLC and ALEJANDRO ESCOBAR, JR**

**CIVIL ACTION NO.:**

**JUDGE:**

**MAGISTRATE:**

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, Trisura Specialty Insurance Company, TEXCAZ Transborder Insurance Intermediaries, Inc., and Alejandro Escobar, Jr., hereby remove this matter from the 16th Judicial District Court for the Parish of St. Martin, Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. §§1441, 1446, *et seq.*, for the following reasons:

I.

On January 31, 2021, Plaintiff filed the attached Petition for Damages, commencing a civil action in the 16th Judicial District Court for the Parish of St. Martin, Louisiana, entitled, *Cedric Babineaux v. Trisura Specialty Ins. Co., Rapid leasing Trucking, LLC, TEXCAZ Transborder Insurance Intermediaries, Inc and Alejandro Escobar, Jr.*, bearing civil action number 91312 on the docket of Division "G". A copy of said Petition for Damages is attached and made part of this Notice of Removal as Exhibit "A." On March 16, 2022, Plaintiff filed the

attached First Supplemental and Amending Petition for Damages. A copy of said First Supplemental and Amending Petition for Damages is attached and made part of this Notice of Removal as Exhibit "B."

II.

The Petition for Damages and First Supplemental and Amending Petition for Damages further allege that Defendant, Trisura Specialty Insurance Company, is a foreign insurance company authorized to do and doing business in the State of Louisiana. In fact, Trisura Specialty Insurance Company is an Oklahoma company with its with its principal place of business located in Oklahoma City, Oklahoma.

III.

The Petition for Damages and First Supplemental and Amending Petition for Damages further allege that Defendant, Rapid Logistics, LLC, is a company authorized to do and doing business in the State of Louisiana. In fact, Triple D Specialty, LLC is a Texas limited liability company with its principal place of business in Pharr, Texas.

IV.

The First Supplemental and Amending Petition for Damages further alleges that Defendant, Rapid Leasing Trucking, LLC, is a company authorized to do and doing business in the State of Louisiana. In fact, Rapid Leasing Trucking, LLC is a Texas limited liability company with its principal place of business in Pharr, Texas.

V.

The First Supplemental and Amending Petition for Damages further alleges that Defendant, TEXCAZ Transborder Insurance Intermediaries, Inc, is a company authorized to do and doing business in the State of Louisiana. In fact, TEXCAZ Transborder Insurance Intermediaries, Inc is a Texas corporation with its principal place of business in Leander, Texas.

VI.

The Petition for Damages and First Supplemental and Amending Petition for Damages further allege further allege that Alejandro Escobar, Jr. is a person of the age majority who is domiciled in Mission, Texas. In fact, Mr. Escobar is a person of the age majority who is domiciled in Texas.

VII.

Plaintiff alleges in their original Petition for Damages that as a result of the alleged accident which occurred on February 4, 2021, they sustained damages consisting of past and future: 1) medical expenses; 2) pain and suffering; 3) mental pain and anguish; 4) loss of enjoyment of life; 5) loss of consortium, household services and society; 6) impairment; 7) loss of earning capacity; and loss of enjoyment of life; and lost wages and loss of future earning capacity. However, the Petition for Damages and First Supplemental and Amending Petition for Damages are silent as to whether Plaintiff's claim exceeds the jurisdictional minimum of $75,000.00, exclusive of interests and costs, of this Court for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.

VIII.

On October 28, 2022, Plaintiff filed a Second Supplemental and Amending Petition for Damages indicating that his damages exceed the jurisdictional minimum of $75,000.00, exclusive of interests and costs. A copy of Plaintiff's Second Supplemental and Amending Petition for Damages attached and made part of this Notice of Removal as Exhibit "C." Accordingly, Petitioner shows to a degree of legal certainty that the amount in controversy for the claims of the Plaintiffs exceed the jurisdictional minimum of $75,000.00, exclusive of interests and costs, of this Court for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.

IX.

This suit is civil in nature and is one over which this Court has original jurisdiction and is one over which the district courts of the United States are given original jurisdiction on the grounds on diversity of citizenship pursuant to 28 U.S.C.§ 1332.

X.

A copy of the Notice of Removal is also being filed with the clerk of the district court in which this cause was originally filed.

XI

Plaintiff alleges in his Petition for Damages and First Supplemental Petition for Damages that as a result of the alleged accident which occurred on February 4, 2021 that they sustained damages consisting of past and future: 1) medical expenses; 2) pain and suffering; 3) mental pain and anguish; 4) loss of enjoyment of life; 5) loss of consortium, household services and society;

6) impairment; 7) loss of earning capacity; and loss of enjoyment of life; and lost wages and loss of future earning capacity. However, Plaintiff's Petition for Damages and First Supplemental Petition for Damages are vague, ambiguous, and fails to conform to the specific requirements of Louisiana Code of Civil Procedure Article 893.  Specifically, the Petition for Damages and First Supplemental Petition for Damages failed to make the requisite allegations as to whether Plaintiff's claim exceeds or are less than the amount sufficient to invoke jurisdiction of the federal courts.  As such, on May 17, 2022, Trisura Specialty Ins. Co. filed an Exception of Vagueness and Non-Conformity.  The exception was granted by the presiding Judge in the 16th Judicial District Court, and Plaintiff was ordered to amend his petition accordingly.  Plaintiff thereafter filed his Second Supplemental and Amending Petition on October 28, 2022, in which he for the first time provides notice that his claim exceeds $75,000.00, exclusive of interest and costs.  Until Plaintiff filed the Second Supplemental and Amending Petition on October 28, 2022, indicating his damages exceed $75,000.00, exclusive of interests and costs, this matter was not clearly removable to Federal Court.  Since the filing of Plaintiff's Second Supplemental and Amending Petition on October 28, 2022, Petitioners now show to a degree of legal certainty that the amount in controversy for the individual claims of Plaintiff exceeds the jurisdictional minimum of $75,000.00, exclusive of interests and costs, of this Court for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.

XII.

Pursuant to 28 U.S.C. §1447(b), copies of all process, pleadings and orders served upon Defendants, Trisura Specialty Insurance Company, TEXCAZ Transborder Insurance Intermediaries, Inc., and Alejandro Escobar, Jr. are attached hereto.

XIII.

This Notice of Removal is filed on behalf of Defendants, Trisura Specialty Insurance Company, TEXCAZ Transborder Insurance Intermediaries, Inc., and Alejandro Escobar, Jr

XIV.

Thirty (30) days have not elapsed since Plaintiff filed Second Supplemental and Amending Petition on October 28, 2022, indicating that his claim exceeds the federal jury threshold, and this matter became clearly removable.

XV.

Rapid Logistics, LLC and Rapid leasing Trucking, LLC have not yet been formally served with this suit.  Once they have been served, they will be represented by undersigned counsel.  Undersigned counsel has informed Rapid Logistics, LLC and Rapid leasing Trucking, LLC of the removal of this matter to Federal Court, and both are agreeable to this matter being removed to Federal Court.

**WHEREFORE**, Petitioners pray that this Notice of Removal be accepted as good and sufficient and that the aforesaid action pending against it in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, be removed therefrom to this Court.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served on all parties of record by facsimile transmission, E-mail or by depositing same in the U.S. Mail, postage pre-paid and properly addressed, this 4th day of November, 2022.<br><br>_____<br>NICHOLAS J. CHAUVIN | Respectfully submitted,<br><br>*PERRIER & LACOSTE, LLC*<br><br>_____<br>**GUY D. PERRIER, #20323**<br>Email: gperrier@perrierlacoste.com<br>**NICHOLAS J. CHAUVIN, #26847**<br>Email: nchauvin@perrierlacoste.com<br>One Canal Place<br>365 Canal Street, Suite 2550<br>New Orleans, Louisiana 70130<br>Telephone: (504) 212-8820<br>Facsimile: (504) 212-8825<br>*Attorneys for Defendants,*<br>*Trisura Specialty Insurance Company,*<br>*TEXCAZ Transborder Insurance*<br>*Intermediaries, Inc., and Alejandro*<br>*Escobar, Jr.* |